UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARAN PAL,
A 203 676 320,

        Petitioner,

  v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

        Respondents.

C19-2092 MJP MAT

ORDER

Petitioner Karan Pal is a native and citizen of India who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the LaSalle Correctional Center in Olla, Louisiana, and who has, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 1, together with a motion for a temporary restraining order ("TRO"), docket no. 2.[1] Petitioner, who arrived at the southern border of

---

[1] Notably absent from the petition for writ of habeas corpus, docket no. 1, and the motion for a temporary restraining order, docket no. 2, is any indication of where petitioner is being held. By Minute Order entered December 28, 2019, docket no. 4, the Court directed petitioner to supply, as soon as possible, a supplemental brief and supporting declaration indicating petitioner's whereabouts and the anticipated timing of his removal, and addressing whether the Court has jurisdiction. Despite oral representations to Clerk's Office staff that petitioner was scheduled to be removed from the United States on Saturday, December 28, 2019, petitioner's counsel did not file the requested supplemental brief and supporting declaration until January 3, 2020. During

ORDER - 1

the United States (at Calexico, California) on September 3, 2019, challenges the determination of an asylum officer, subsequently upheld by an immigration judge, that petitioner should not be allowed to apply for asylum in the United States based on a July 16, 2019, rule barring asylum for those who arrive in the United States "after transiting through at least one country outside the alien's country of citizenship." *See* Pet.'s Mot. at 3 (docket no. 2) (citing 8 C.F.R. 208(c)(4), but actually referring to 8 C.F.R. § 208.13(c)(4)).

Having reviewed all papers filed by petitioner, including the supplemental brief, docket no. 6, and supporting declaration, docket no. 7, filed in response to the Minute Order entered December 28, 2019, docket no. 4, the Court now ORDERS as follows:

(1)  Federal courts may grant writs of habeas corpus only "within their respective jurisdictions." 28 U.S.C. § 2241(a). Although the physical presence of a habeas petitioner within the judicial district "is not an absolute jurisdictional prerequisite, but rather a requirement [that] can give way to considerations of fairness and basic convenience," *see Kinnell v. Warner*, 356 F. Supp. 779, 781 (D. Haw. 1973), the Court may not grant habeas relief if the petitioner's custodian is outside its territorial jurisdiction. *See Sholars v. Matter*, 491 F.2d 279, 281 & n.5 (9th Cir. 1974). This Court lacks jurisdiction because

---

the interim, the Court resorted to independent research, and learned from ICE's online detainee locator (https://locator.ice.gov) that petitioner is in custody at LaSalle Correctional Center in Olla, Louisiana. On January 2, 2020, the Court's law clerk confirmed the information on ICE's website via a telephone conversation with personnel in the booking area at LaSalle Correctional Center. In a declaration filed on January 3, 2020, petitioner's counsel indicated that petitioner's family believes petitioner is "somewhere in Mississippi and that his removal is imminent." Frick Decl. at ¶ 7 (docket no. 7). Petitioner's counsel has provided no explanation or grounds for such beliefs.

ORDER - 2

neither the petitioner nor his custodian, *i.e.*, Chris Frederick, the Warden of LaSalle Correctional Center, are within the boundaries of this district.

(2) This action is hereby TRANSFERRED to the Western District of Louisiana at Alexandria. *See* <u>Miller v. Hambrick</u>, 905 F.2d 259 (9th Cir. 1990); *see also* 28 U.S.C. § 1631.

(3) The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to alert the Western District of Louisiana about the pending motion for temporary restraining order.

DATED this 3rd day of January 2020.

*/s/ Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER - 3